In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00474-CV


____________________



RICHARD BARRY BROCK, Appellant



V.



CYNTHIA K. BROCK, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 07-08-08833 CV






 MEMORANDUM OPINION


 Richard Barry Brock appeals the trial court's final summary judgment in favor of
Cynthia K. Brock. (1) Richard claims the trial court erred in granting Cynthia's no-evidence
motion for summary judgment on his cross-claims for breach of contract and breach of
fiduciary duty. Because we conclude that Richard did not raise a genuine issue of material
fact, we affirm.

 Background


 During their marriage, Richard and Cynthia acquired real property in Montgomery
County, Texas. When they divorced in 2002, the agreed final divorce decree awarded the
property to Cynthia, subject to the property's mortgage held by GMAC Mortgage
Corporation ("GMAC"). Richard conveyed the property to Cynthia by special warranty
deed. Cynthia assumed the mortgage and executed a deed of trust to secure assumption
("DTA") in favor of Richard.

 Subsequently, Cynthia defaulted on the mortgage, and the property was sold at a non-judicial foreclosure sale in November 2006 for $160,000. Patricia Poston was the substitute
trustee who held the sale. After the lien was satisfied and fees were paid from the sale
proceeds, excess proceeds in the amount of $66,641.21 remained.

 After the sale, Poston filed a suit as an interpleader against Richard and Cynthia and
deposited the excess proceeds into the court's registry. See Tex. R. Civ. P. 43. Then,
Cynthia cross-claimed against Richard, and requested the court to declare that she was the
only person entitled to the excess proceeds. In turn, Richard cross-claimed against Cynthia,
alleging breach of fiduciary duty and breach of contract. Neither Richard nor Cynthia
contested the substitute trustee's right to interplead the funds, and the court signed an agreed
order granting the interpleader.

 Cynthia filed two motions for summary judgment. The first was a traditional motion
for summary judgment declaring her to be the sole owner of the excess proceeds. On August
4, 2008, the trial court granted summary judgment to Cynthia on her traditional motion, and
Richard does not appeal from that judgment. The second was a no-evidence motion for
summary judgment on Richard's cross-claims for breach of contract and breach of fiduciary
duty. The trial court granted Cynthia's second motion on September 25, 2008. Richard
attacks the second judgment on appeal. 


Issues


 Richard raises two appellate issues. He contends the trial court erred in granting a
summary judgment on his breach of contract claim. He also contends the trial court erred in
granting summary judgment on his claim that Cynthia breached her fiduciary duty to him.

Standard of Review


 A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion
for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 581-82 (Tex. 2006). A no-evidence motion for summary judgment must be
granted if (1) the moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden of proof
at trial; and (2) the respondent produces no summary judgment evidence raising a genuine
issue of material fact on those elements. See Tex. R. Civ. P. 166a(i). The non-moving party
is not obligated to marshal its proof but is required to present evidence that raises a genuine
fact issue on the challenged element. Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215
(Tex. 2002). When reviewing a no-evidence summary judgment, we review the evidence "in
the light most favorable to the party against whom the summary judgment was rendered,
crediting evidence favorable to that party if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not." Mack Trucks, 206 S.W.3d at 582
(citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002)). 

 In this case, Richard, the non-movant, presented no summary judgment evidence in
response to Cynthia's no-evidence motion. 

Breach of Contract 


 As to Richard's breach-of-contract claim, Cynthia's no-evidence motion asserted there
was no evidence that: 1) Richard made an "advancement" pursuant to the DTA's terms, 2)
damages resulted from the alleged breach, or 3) the DTA provided for a recovery of
monetary damages. Richard's response does not refer to any evidence demonstrating his
damages. On appeal, Richard asserts that a question of fact exists; he contends that his
failure to produce documents related to damages does not mean he had none.

 In a response to a no-evidence motion for summary judgment, the non-movant is
required to present evidence that raises a genuine fact issue on the challenged element.
Grant, 73 S.W.3d 215. Richard failed to do so. Thus, the trial court did not err in granting
summary judgment to Cynthia on Richard's breach-of-contract claim. We overrule issue one.

Breach of Fiduciary Duty


 Generally, to recover for the breach of a fiduciary duty, a plaintiff must show: 1) the
existence of a fiduciary duty, 2) a breach of the duty, 3) causation, and 4) damages. See
Abetter Trucking Co. v. Arizpe, 113 S.W.3d 503, 508 (Tex. App.-Houston [1st Dist.] 2003,
no pet.). When, however, the plaintiff seeks fee restitution or benefit disgorgement, he need
not prove actual damages. Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999); Alavi v. MCI
Worldcom Network Services, Inc., 2007 WL 274565, at *3 (Tex. App.-Beaumont, Feb. 1,
2007, pet. denied). Because Richard's claim for breach of fiduciary duty sought damages as
his remedy, he was required to prove them. See Alavi, 2007 WL 274565, at *3; Lee v. Lee,
47 S.W.3d 767, 780-81 (Tex. App.-Houston [14th Dist.] 2001, pet. denied); Longaker v.
Evans, 32 S.W.3d 725, 733 n.2 (Tex. App.-San Antonio 2000, pet. withdrawn).

 Cynthia's no-evidence motion asserted there was no evidence that: 1) she owed a
fiduciary duty to Richard, or 2) that damages resulted from the alleged breach. Richard's
response contended that a DTA creates a fiduciary relationship by its "very nature," that such
beneficiaries typically are unaware of delinquencies until foreclosure proceedings have
begun, that beneficiaries often (as in his case) do not have adequate funds to bring the note
current, and that the unavoidable foreclosure results in a "major hit" on the beneficiary's
credit. Richard further argued that he did not have to prove damages to recover on his breach
of fiduciary claim. On appeal, Richard maintains this Court should determine whether a
DTA creates a fiduciary duty.

 We need not reach the issue concerning whether Cynthia owed Richard a duty. Even
if we assumed that Cynthia owed Richard a fiduciary duty, which she disputes, Richard is
required to have presented evidence raising a genuine fact issue on his damages. See Grant,
73 S.W.3d 215. Because Richard failed to present any evidence proving that he had been
damaged, the trial court did not err in granting summary judgment to Cynthia on Richard's
breach-of-fiduciary-duty claim. We overrule issue two.

 Having overruled both of Richard's issues, we affirm the trial court's judgment.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on July 1, 2009

Opinion Delivered July 16, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.
1. This case arises from an interpleader action filed by substitute trustee, Patricia
Poston, who is not a party to this appeal.